IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHIE LADNER** § | | **PLAINTIFF** |
| § | | |
| v.  § | | **CAUSE NO. 1:05CV327** |
| § | | |
| **VALSPAR CORPORATION** § | | **DEFENDANT** |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **DALE PAIGE** § | | **PLAINTIFF** |
| § | | |
| v.  § | | **CAUSE NO. 1:05CV409** |
| § | | |
| **VALSPAR CORPORATION** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE COMES BEFORE THE COURT on the Motion for Summary Judgment [76] filed by Defendant Valspar Corporation ("Valspar") on July 25, 2006.  Neither Plaintiff has filed a response to the motion.  After due consideration of the motion and the relevant law, it is the Court's opinion that the Defendant Valspar has shown that there is no question of material fact for the jury.  The motion for summary judgment will therefore be granted.

DISCUSSION

This is a negligence case, arising from an accident which occurred on September 19, 2002.  Plaintiffs were passengers in a pickup truck which was struck by a van driven by a Valspar employee.  Plaintiffs allege that the negligence of the Valspar employee caused the accident.

According to the testimony of Plaintiff Dale Paige, the truck in which he and Plaintiff Ladner were riding stopped at a stop sign. (Ex. "B" to Def. Mtn Summ. Judg., pg. 40).  There was a solid line of traffic in the nearest lane, preventing any of them from seeing the far lane.

(*Id*, pgs. 41-42).  The drivers in the near lane left a gap for Plaintiff's vehicle.  (*Id*., pg. 38).  As Plaintiffs' vehicle "stuck [its] nose through the traffic," a van being driven in the far lane by a Valspar employee struck the front of Plaintiffs' pickup truck.  *Id.*  Plaintiff Richie Ladner describes the accident similarly,  *See* Exh. "C" to Def. Mtn Summ. Judg., pgs. 53-55, as does the driver of the pickup truck.  (Exh. "A" to Def. Mtn. Summ. Judg., pgs. 23-27).  No one in the pickup truck saw the Valspar vehicle before the impact.  (Exh. "A" pg. 24; Exh. "B" pg. 45; Exh. "C," pg. 61).

MISS. CODE § 63-3-805 requires that a motorist on an unfavored street must stop at the stop sign and look at the intersection of a highway with a through highway.  MISS. CODE § 63-3-805.  Having stopped, the motorist is required to continue to exercise ordinary care and diligence by proceeding cautiously and yielding to vehicles not obligated to stop for the intersection which are within the intersection or approaching so close thereto as to constitute an immediate hazard.  *Dogan v. Hardy*, 587 F.Supp. 967, 970 (N.D. Miss. 1984) (citing *Campbell v. Schmidt*, 195 So.2d 87 (Miss. 1967)); MISS. CODE § 63-3-805.  Failure to continue to look for approaching vehicles after once stopping constitutes negligence on the part of the unfavored motorist. *Dogan,* 587 F.Supp. at 970, citing *Wells v. Bennett,* 90 So.2d 199 (1956).  "A motorist who claims to have looked but failed to see vehicles in the intersection or approaching so closely as to constitute an immediate hazard is guilty of negligence as a matter of law under the substantive law of Mississippi."  *Id.*, citing *Walton v. Owens,* 244 F.2d 383 (5th  Cir. 1957).

Valspar contends that it is entitled to summary judgment because the driver of Plaintiffs' pickup truck was negligent by failing to yield to the driver of Valspar's vehicle.  As noted above, neither Plaintiff filed a response to the motion for summary judgment.  However, a motion for

summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.  *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

The uncontroverted evidence in this case shows that the driver of Plaintiffs' vehicle was required by Mississippi law to keep a constant lookout as he entered the highway and yield right-of-way to the Valspar vehicle.  His failure to do so caused the accident.  Defendant Valspar has therefore shown that under the substantive law of Mississippi, there is no question of material fact for the jury.  Valspar is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [76] filed by Defendant Valspar Corporation is **GRANTED**.  Plaintiffs' claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
